E-FILED
Tuesday, 27 April, 2010  12:01:42 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **CAROL EDWARDS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    Case No. 10-1011 |
| | ) |
| **REGIS CORP., a foreign corporation,** | ) |
| **and WAL-MART STORES, INC.,** | ) |
| **a foreign corporation,** | ) |
| | ) |
|     **Defendants.** | ) |

### ORDER

Now before the Court is Defendant Wal-Mart Stores, Inc.'s ("Wal-Mart") Federal Rule 12(b)(6) Motion to Dismiss. For the reasons set forth below, Wal-Mart's Motion [#10] is GRANTED.

On January 15, 2010, Plaintiff Carol Edwards ("Edwards") filed a Complaint against Wal-Mart and Regis Corp. ("Regis"), alleging negligence against both Wal-Mart and Regis. She alleges that she incurred injuries as a result of falling from a chair at the SmartStyle salon[1] located within the Wal-Mart at 8915 North Allen Road, Peoria, Illinois. On March 19, 2010, Wal-Mart filed its Motion to Dismiss, arguing that pursuant to the express terms of the Lease Agreement controlling Regis' use of the leased space within the Allen Road Wal-Mart, Wal-Mart took no part in either the maintenance or repair of the chair within the Regis beauty salon that is the subject of this litigation. Wal-Mart attached the August 11, 1999, Lease Agreement entered into by Wal-Mart and Regis, which provided that Regis was solely responsible for the

---

[1] Regis' salon is known as SmartStyle.

maintenance and repair of the demised premises,[2] and which was in full force and effect at all times relevant to the allegations contained in Edwards' Complaint. Wal-Mart further argues that given Edwards' allegation of Wal-Mart's failure to exercise due care to ensure the chair was in a reasonably safe condition, and given the terms of the Lease Agreement, Wal-Mart should be dismissed from the case. Edwards filed her Response to Wal-Mart's Motion to Dismiss, stating that on the basis of the information contained in the Motion and its attached Exhibits A (Plaintiff's Complaint) and B (Wal-Mart Shopping Center Lease Agreement), she offered no objection to Wal-Mart's Motion to Dismiss.

Accordingly, Wal-Mart's Federal Rule 12(b)(6) Motion to Dismiss [#10] is GRANTED, as Plaintiff Edwards does not oppose the motion. Wal-Mart is TERMINATED as a party from this case. This matter is referred to the Magistrate Judge for further proceedings.

ENTERED this 27th day of April, 2010.

s/Michael M. Mihm
Michael M. Mihm
United States District Judge

---

[2] "Demised Premises" is defined in the parties' Lease Agreement as "Located in WAL-MART SUPERCENTERS with store numbers, addresses and square footages as outlined in Exhibit D attached hereto." *See* Dft's Motion to Dismiss Exh. B.