**E-FILED**
Friday, 25 February, 2011 03:07:41 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **CAROL EDWARDS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-1011 |
| | ) |
| **REGIS CORP.**, a foreign corporation, **MYCULL FIXTURES, INC.**, a foreign corporation, and **TAKARA BELMONT USA, INC.**, a foreign corporation, | ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## ORDER

Now before the Court is Defendant Takara Belmont USA, Inc.'s ("Takara") Motion to Dismiss in Lieu of Answer Pursuant to Federal Rule 12(b)(6). For the reasons set forth below, the Motion [#23] is GRANTED IN PART and converted to a Motion for Summary Judgment in part.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00.

## BACKGROUND

The following facts are taken from the First Amended Complaint and are presumed to be true for purposes of resolving a motion to dismiss. On June 7, 2008, Plaintiff Carol Edwards ("Edwards") went to the Wal-Mart located at 8915 North Allen Road, Peoria, Illinois ("Allen

Road Wal-Mart"). In the Allen Road Wal-Mart, Defendant Regis Corp. owns and maintains a beauty salon called SmartStyle. Edwards went to the Allen Road Wal-Mart and proceeded to enter the SmartStyle beauty salon. Within the SmartStyle beauty salon, there were salon chairs manufactured by Defendant Takara. Those salon chairs were distributed to SmartStyle by Defendant Mycull Fixtures, Inc. ("Mycull"). Edwards then proceeded to sit down in one of the salon chairs which then physically failed, allegedly causing her to fall backwards, hit her head, and suffer injuries.

On January 15, 2010, Edwards filed a Complaint against Wal-Mart Stores, Inc. and Regis Corp. Wal-Mart was dismissed as a party from the suit on April 27, 2010. On August 2, 2010, Edwards filed a Motion for Leave to Amend Complaint to Add New Parties, specifically Defendants Takara and Mycull. Within her Motion, Edwards cited the Illinois statute of repose, 735 ILCS 5/13-213(d), which she said extended the period of limitations to bring a products liability action to May 28, 2012. She also stated that the Motion was timely under the Court's March 31, 2010, order which set the schedule in this case. Magistrate Judge John A. Gorman entered a text order granting Edwards' Motion, explaining that it was timely under the March 31, 2010, schedule approved by the Court at the Rule 16 conference. Edwards' First Amended Complaint, naming Defendants Takara and Mycull, was filed on August 3, 2010. She brought four counts against Defendant Takara: one for negligence, one for breach of the implied warranty of merchantability, one for breach of the implied warranty of fitness for a particular purpose, and one for strict liability. Defendant Takara filed the instant 12(b)(6) Motion to Dismiss and Edwards filed her Response. This Order follows.

**DISCUSSION**

A complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). That statement must be sufficient to provide the defendant with "fair notice" of the claim and its basis. *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). This means that (1) the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests" and (2) its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level." *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). Conclusory allegations are "not entitled to be assumed true." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009) (citing *Twombly*, 550 U.S. 544 (2007)).

Defendant Takara argues that Edwards' counts for negligence and strict products liability are barred by the applicable Illinois statute of limitations. 735 ILCS 5/13-202 provides a two-year statute of limitations for personal injury actions, including those brought under a negligence theory. 735 ILL. COMP. STAT. 5/13-202 (2011). For actions brought under a strict products liability theory, 735 ILCS 5/13-213(d) provides in relevant part:

> Notwithstanding the provisions of subsection (b) and paragraph (2) of subsection (c) if the injury complained of occurs within any of the periods provided by subsection (b) and paragraph (2) of subsection (c), the plaintiff may bring an action within 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, of the existence of the personal injury, death or property damage, but in no event shall such action be brought more than 8 years after the date on which such personal injury, death or property damage occurred . . . .

735 ILL. COMP. STAT. 5/13-213(d) (2011). Takara explains that because the incident Edwards complains of involving the beauty salon chair occurred on June 7, 2008, her negligence and strict

products liability claims are untimely in light of 5/13-202 and 5/13-213(d). Defendant Takara further argues that Edwards' claims for breach of implied warranty of merchantability and implied warranty of fitness for a particular purpose are also untimely under Illinois' statute of limitations for contracts for sale.

Edwards counters by arguing that the governing statute of repose for products liability actions under Illinois law articulates a two-year discovery rule which therefore allows her to bring an action within two years of her learning of the Defendant and its wrongful conduct that caused the personal injury. *See* 735 ILL. COMP. STAT. 5/13-213(d). 735 ILCS 5/13-213(a)(3) provides in relevant part:

> "product liability action" means any action based on any theory or doctrine brought against the seller of a product on account of personal injury, (including illness, disease, disability and death) or property, economic or other damage allegedly caused by or resulting from the manufacture, construction, preparation, assembly, installation, testing, makeup, characteristics, functions, design, formula, plan, recommendation, specification, prescription, advertising, sale, marketing, packaging, labeling, repair, maintenance or disposal of, or warning or instruction regarding any product. This definition excludes actions brought by State or federal regulatory agencies pursuant to statute.

735 ILL. COMP. STAT. 5/13-213(a)(3). She states that because 5/13-213(d) applies to "any action based on a theory or doctrine brought against a seller of a product on account of personal injury . . .", all four of her claims against Takara fall within the definition of a products liability action. She therefore asserts that because she learned the identity of Takara as the maker of the salon chair on May 28, 2010, and because she filed her First Amended Complaint against Takara on August 3, 2010, she filed within the two years provided under Illinois' statute of repose for products liability actions.

**Plaintiff Edwards' Negligence and Strict Liability Claims**

Edwards' negligence claim against Takara is premised upon the allegations that Edwards was injured by Takara's negligent manufacture of salon chairs, and so the two-year limitations period for products liability claims set forth in 5/13-213(d) is the relevant statute of limitations. *See* 735 ILL. COMP. STAT. 5/13-213(a)(3) ( "'product liability action' means any action based on any theory or doctrine brought against the seller of a product on account of personal injury . . . "). The two year statute of limitations in 5/13-213(d) is also clearly applicable to Edwards' strict liability claim.

Edwards cites to *Clark v. Galen Hospital Illinois, Inc.*, in support of her argument that she has until May 28, 2012, to bring her claims against Takara. 748 N.E.2d 1238 (Ill. App. 1st Dist. 2001). In *Clark*, the plaintiff's premature newborn son died when he was just weeks old. *Id.* at 1240. The baby was born after 23 weeks' gestation, and the plaintiff was told that the baby died from prematurity complications, an infection, low birth weight, and problems associated with blood clotting and transfusions. *Id.* at 1240-41. The plaintiff retained an attorney who had the baby's medical records reviewed by a neonataologist. *Id.* at 1241. The neonatologist concluded, 19 months after the baby's death, that the death may have been caused by the wrongful conduct of the defendants. *Id.* The plaintiff then filed suit 10 months after receiving the neonatologist's report, which was more than two years after the baby's death. *Id.* The defendants filed a motion to dismiss, claiming that the plaintiff's complaint was untimely where she did not file it within two years of the date of the "sudden traumatic" event of her baby's death. *Id.* at 1242. The *Clark* court concluded under the circumstances, it was reasonable for the plaintiff to believe her baby died from natural causes, and that a disputed question of fact remained as to when the statute of limitations began to run against the defendants. *Id.* at 1247.

5

The particular question for the trier of fact was whether the plaintiff should have discovered, prior to the neonatologist's report, that her baby's death might have resulted from negligent medical care. *Id.* The *Clark* court ultimately reversed the trial court's dismissal of the action as untimely and remanded the case.

The facts of *Clark* are distinguishable from the facts here. In *Clark*, as the Illinois Appellate Court noted, it was not unreasonable for the plaintiff to not immediately believe her baby's death had been caused by wrongful conduct given the circumstances surrounding the death. *Id.* However, here, Plaintiff Edwards alleges that she sat in a chair, the chair physically failed causing her to fall backwards, she hit her head, and incurred injuries. She does not allege that circumstances existed at the time which would have prevented Edwards from immediately believing that her injuries were wrongfully caused by the chair's collapse. Unlike the situation in *Clark*, this is certainly a situation in which Edwards was possessed of enough information concerning her injury on the very date of the incident to put a reasonable person on inquiry to determine whether actionable conduct was involved. *Clark*, 748 N.E.2d at 1243 (explaining what the phrase "wrongfully caused" refers to and that it does not mean the plaintiff has knowledge of a specific defendant's negligent conduct or knows that a cause of action exists).

Edwards incorrectly argues that the two-year limitations period for products liability actions provides that the period for the claims of negligence and strict product liability against Takara began on May 28, 2010. The date on which a claimant learns of the proper defendant is not the relevant date for purposes of the discovery rule, which is encompassed in 5/13-213(d). *See Curry v. A.H. Robins Co.*, 775 F.2d 212, 216 (7th Cir. 1985) (applying Illinois' discovery rule and explaining that the relevant inquiry under the rule was not when the plaintiff learned she

had a cause of action against the defendant manufacturer). Instead, the discovery rule provides that the limitations period begins to run from the date a person knows or reasonably should know of the injury and that it was wrongfully caused. *Id.*; *Golla v. General Motors Corp.*, 633 N.E. 2d 193, 197 (Ill. App. 4th Dist. 1994). That date was June 7, 2008, the day on which the chair allegedly collapsed, causing Edwards to fall and incur injuries. *See Golla*, 633 N.E.2d at 198 (stating that the limitations period begins to run at the time of injury where it results from a sudden and traumatic event, and the discovery rule does not even apply); *Pszenny v. General Electric Co.*, 478 N.E.2d 485, 487 (Ill. App. 1st Dist.1985) (explaining that "traumatic injuries" that start the limitations period are those that are immediate and caused by an external force). Under 5/13-213(d), Edwards filed her negligence and strict liability claims against Takara more than two years after the date on which she knew, or through the use or reasonable diligence should have known of the existence of her injury. Accordingly, those claims were untimely filed against Takara and are dismissed.

Edwards argues that the Seventh Circuit and Central District of Illinois have recognized that it is irregular to dismiss a claim under Rule 12(b)(6) based upon the statute of limitations. However, the cases to which Edwards cites provide that if a federal complaint includes facts that sufficiently show the complaint's tardiness, the complaint may be dismissed on statute of limitations grounds raised in a Rule 12(b)(6) motion. *See Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006) (stating that "dismissal under 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense"); *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009) (explaining that dismissal at the pleading stge is

7

unusual but may be appropriate when the plaintiff pleads himself out of court where he alleges facts that sufficiently establish the complaint's tardiness).

Here, Edwards alleges that on June 7, 2008, she sat on a beauty salon chair that collapsed, causing her to fall backwards, hit her head, and incur injuries. She further states that she did not learn that Takara was the manufacturer of the salon chair until May 28, 2010, and that she informed the Court of that fact and further informed the Court of the appropriate statute of repose in this case. From the face of Edwards' First Amended Complaint, the alleged facts make clear that the two-year statute of limitations applicable to her claims of negligence and strict products liability began on June 7, 2008, and that she did not file those claims against Takara until August 3, 2010, over two years later. As discussed above, it is irrelevant for purposes of the statute of limitations that Edwards only learned of Takara on May 28, 2010. Thus, Edwards has pled herself out of court on her claims of negligence and strict products liability by including facts that show the tardiness of her First Amended Complaint. It does not follow that because the Court allowed Edwards to file her First Amended Complaint naming Takara as an additional defendant, that it was timely filed for purposes of the applicable statute of limitations.

### Plaintiff Edwards' Breach of Implied Warranty Claims

Defendant Takara further argues that Edwards' claims for breach of implied warranty of merchantability and implied warranty of fitness for a particular purpose are also untimely under Illinois' statute of limitations for contracts for sale. 810 ILCS 5/2-725 provides in relevant part:

> (1) An action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

> (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

810 ILL. COMP. STAT. 5/2-725(1) and (2) (2011). Takara states that it searched its records and determined that the date of delivery of the subject salon chair was in 2003, because the records show that the chair was sold to Regis Corp., the owner of the salon, in May 2003. Thus, Takara argues that by filing her First Amended Complaint on August 3, 2010, Edwards' claims for breach of implied warranty of merchantability and implied warranty of fitness for a particular purpose were not filed within the requisite four years after the cause of action accrued in 2003.

Edwards is incorrect to the extent that she argues 5/13-213(a)(3) encompasses her claims of implied warranty of merchantability and implied warranty of fitness for a particular purpose against Takara. The Illinois Supreme Court has held that the four-year statute of limitation provided in 2-725(1) of the UCC, the same as Illinois' statute of limitation in contracts for sale, applies to actions for personal injury that are predicated upon the theory of breach of implied warranty. *Sille v. McCann Constr. Specialties Co.*, 638 N.E.2d 676, 681 (Ill. App. 1st Dist. 1994) (*citing Berry v. G.D. Searle & Co.,* 309 N.E.2d 550 (Ill. 1974)); 810 ILL. COMP. STAT. 5/2-725 (2011). Just as Edwards did here, the plaintiff in *Sille* alleged breach of the implied warranty of fitness for a particular purpose and breach of the implied warranty of merchantability. *Sille*, 638 N.E.2d at 681. The *Sille* plaintiff argued that the four-year limitations period applied, that his action accrued on the date he bought the product that caused his injury, and the Illinois Appellate Court agreed. *Id.* Therefore, this Court must apply the

four-year statute of limitations contained in 810 ILCS 5/2-725 to Edwards' claims of breach of warranty.

The Court has determined that the instant portion of Takara's Motion to Dismiss requires that extraneous documents provided by it must be considered to properly rule on the Motion. The Court will not exclude those documents, but must convert this portion of the Motion to Dismiss to a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. *See* FED. R. CIV. P. 12(d) (providing that if matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56). Accordingly, the parties must comply with Local Rule 7.1(D), which sets forth the requirements for motions for summary judgment. Defendant Takara is directed to file its Undisputed Material Facts and Argument by March 9, 2011, limited solely to the statute of limitations issue regarding Edwards' claims of breach of implied warranty of merchantability and breach of implied warranty of fitness for a particular purpose. The parties must thereafter comply with the timing requirements for briefs as provided in Local Rule 7.1(D).

## CONCLUSION

For the reasons set forth above, Defendant Takara's Motion to Dismiss [#23] is GRANTED IN PART and converted to a Motion for Summary Judgment in part. Plaintiff Edwards' claims for negligence and strict liability are DISMISSED WITH PREJUDICE. Defendant Takara is directed to file its Undisputed Material Facts and Argument by March 9, 2011, and the parties are directed to thereafter comply with the timing requirements for briefs as provided in Local Rule 7.1(D).

ENTERED this 25th day of February, 2011.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge